## CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed May 6, 1908.

MAE C. GARDINER
VS.
HARRY S. GARDINER.

*Harry E. Scherf* and *W. E. Breese, Jr.,* for plaintiff.
*George W. Cameron* for defendant.

GORTER, J.—

This is a suit brought by the wife against the husband for an absolute divorce on the grounds of adultery. The evidence shows that the cause for divorce occurred in the State of North Carolina, and the chief, if not the only ground, why the divorce should not be granted, relied on by the defendant, was that the parties had not, as required by Section 38, Article 16, of the Code, "resided within this State for two years next, preceding such application."

The parties were married in 1903. The defendant at the time was a resident of Maryland, where he was born, raised and had always lived. He was a member of the bar of Baltimore City; the plaintiff was at the time a resident of North Carolina, where her father and family resided; a few weeks after they were married, they came to Maryland to live and after living first with his parents, at Govanstown, and then at several places in Baltimore, they finally moved into a house on the York road, in Baltimore City, which the wife had purchased.

In this house they were residing in September, 1905, when they went to North Carolina to pay a visit to the plaintiff's father. The defendant at the time not having any occupation, at the suggestion of the father of the plaintiff, took some position under one of the plaintiff's brothers. He held this position for a year or so, when he seems to have gone into the employ of an insurance company.

This last employment after a few months he gave up, and in May, 1907, returned with his wife and child to Baltimore, and went to reside again in her house on the York road. In the month of August, 1907, she was called to North Carolina on account of the illness of her father, who shortly thereafter died. While in North Carolina she learned of the infidelity of the defendant. She later returned to Baltimore and got her child, who had been left with the defendant's mother, and returned with the child to North Carolina.

It seems to me the only question in the case is, is the proof sufficient to show that the defendant acquired a residence or domicile in North Carolina by reason of his stay there from September, 1905, to May, 1907? If not, it is perfectly plain that his residence is where it has always been, in the State of Maryland, and the plaintiff entitled to her divorce.

It is said in the case of Mitchell vs. The United States, in 21 Wallace 353: "That a domicile once acquired is presumed to have continued until it is shown to have been changed. Where a change is alleged, the burden of proving it rests upon the person making the allegation. To constitute the new domicile two things are indispensable: First, residence in the new locality, and secondly, the intention to remain there. The charge cannot be made except *facto et animo*. Either without the other is insufficient. Mere absence from a fixed home, however, long continued, cannot work the change. There must be the animus to change the prior domicile for another. Until the new one is acquired the old one remains. These principles are axiomatic in the law upon the subject."

I do not think the second element has sufficiently been made out. It is true that the parties remained in North Carolina for eighteen or nineteen months, moved their furniture there and kept house. But on the other hand, they did not go to North Carolina with any intention of remaining; the positions which the defendant took there, seem to have been only temporary, for he gave them up, returned to Baltimore, and to the home which she had bought, and which she had retained during their stay in North Carolina. The inference of intent to make North Carolina their home, that might come from remaining there 18 months is neutralized by their returning to Maryland, which had always been the defendant's home, at the end of that time.

There is no evidence in the case that the defendant ever expressed an intention of making his home in North Carolina, or that he ever exercised any political rights there, or that either ever paid any personal taxes in North Carolina. The defendant was present at the trial, and he did not go upon the stand to testify as to his intent in the matter.

The inference is fair that he could not truthfully say that he intended to make his residence in North Carolina. I therefore think he has failed to meet the burden of proof that is upon him to show that he had lost his residence in Maryland, and acquired one in North Carolina.

I shall sign a decree granting the plaintiff an absolute divorce and awarding her the custody of the child.